| UNITED STATES BANKRUPTCY COURT | |
|---|---|
| DISTRICT OF NEW JERSEY (NEWARK) | |
| Caption in Compliance with D.N.J. LBR 9004-1<br>2015-0900<br><br>Powers Kirn, LLC<br>ecf@powerskirn.com<br>William M. E. Powers III<br>Angela C. Pattison<br>728 Marne Highway, Suite 200<br>Moorestown, NJ 08057<br>(856) 802-1000<br>Attorney for Wells Fargo Bank, N.A. | |
| In Re:<br><br>Charles Braswell<br>Valerie Braswell | Case No.: 19-19407-JKS<br><br>Chapter: 13<br><br>Hearing Date:<br><br>Judge: Honorable John K. Sherwood |

## CERTIFICATION IN OPPOSITION TO DEBTORS' MOTION TO IMPOSE A STAY AND IN SUPPORT OF CROSS-MOTION FOR ORDER CONFIRMING NO STAY IS IN EFFECT AND ALLOWING PROSPECTIVE IN REM RELIEF

_Peggy S. Morrow_, hereby certifies:

1. I am _Vice President Loan Documentation_ of Wells Fargo Bank, N.A. ("Wells Fargo"). I have knowledge of the facts contained herein, and I am authorized to make this certification.

2. Wells Fargo is the holder of a mortgage secured by the real estate owned by Charles E. Braswell and Valerie S. Hartman-Braswell and commonly known as 65 Werner Place, Teaneck, NJ 07666-4701. Copies of the instruments are attached hereto as Exhibit A.

3. On January 5, 2015, the debtors failed to make the monthly mortgage payment and the loan has remained continuously in default since that time. A copy of the foreclosure complaint is attached as Exhibit B.

4. On June 19, 2015, the movant filed a complaint to commence an action in the Superior Court of New Jersey, Chancery Division, Bergen County under docket no. F-021881-15 to foreclose its mortgage. See Exhibit B.

5. On February 29, 2016, a final judgment was entered in the foreclosure action in the amount of $257,530.27 together with interest and taxed costs of suit. See Exhibit C.

6. The subject property was scheduled for sheriff's sale on January 20, 2017 by the Sheriff of Bergen County. Thereafter, sale was adjourned from time to time and eventually scheduled for sheriff's sale on August 18, 2017 by the Sheriff of Bergen County.

7. On August 18, 2017, Valerie Hartman-Braswell and Charles E. Braswell responded by filing a bankruptcy petition, with the assistance of counsel, in the United States Bankruptcy Court for the District of New Jersey pursuant to Chapter 13. This case was assigned case number 17-26775-RG. (Docketed Doc. #1)

8. The sheriff's sale scheduled for August 18, 2017 was canceled upon notification of the bankruptcy filing.

9. On August 18, 2017, notice was given that missing documents including a Summary of Assets/Liabilities and Stat Info, Declaration About An Individuals Scheds, Statement of Financial Affairs For Individuals, Atty Disclosure Statement, Statement of Your Current Monthly Income & Calc of Commitment Period(122C-1), Calculation of Your Disposable Income (122C-2) - If Applicable, Ch. 13 Plan and Motions, Schedules A/B,C,D,E/F,G,H,I and J were due by September 1, 2017. (Docketed Doc. #5)

10. On August 31, 2017, a Motion to Extend Time to Filing Missing Schedules was filed. (Docketed Doc. #11)

11. On September 11, 2017, an Order was entered extending the deadline to file missing schedules until October 11, 2017. (Docketed Doc. #13)

12. On October 11, 2017, missing documents and a Chapter 13 Plan were filed. (Docketed Doc. #15 and #16)

13. On October 12, 2017, debtors filed a notice of request for loss mitigation. (Docketed Doc. #17)

14. On October 16, 2017, Wells Fargo filed a proof of claim in the amount of $298,390.16, including an amount to cure the default as of the petition date in the amount of $89,043.55. The proof of claim is identified as Claim #7 in the claims registry.

15. On October 23, 2017, Wells Fargo filed an objection to confirmation. (Docketed Doc. #23)

16. On November 3, 2017, debtors filed amended Schedules I and J. (Docketed Doc. #24)

17. On November 7, 2017, an Order granting debtors' request for loss mitigation was entered. (Docketed Doc. #25)

18. On November 22, 2017, the Chapter 13 Standing Trustee filed an objection to confirmation. (Docketed Doc. #28)

19. On December 19, 2017, Wells Fargo filed an application for early termination of loss mitigation. (Docketed Doc. #33)

20. On December 22, 2017, debtors filed opposition to the application to terminate loss mitigation and the matter was scheduled for hearing on January 17, 2018. (Docketed Doc. #34 and #35)

21. On January 3, 2018, an Order confirming Chapter 13 Plan was entered. (Docketed Doc. #37)

22. The hearing on the objection for early termination of loss mitigation was adjourned to March 21, 2018, however, Wells Fargo withdrew the application to terminate on March 19, 2018. (Docketed Doc. #42)

23. On March 22, 2018, Wells Fargo issued a letter to advise that the debtors had been denied a loan modification, but were being offered a short sale. A copy of the letter is attached as Exhibit D.

24. On April 30, 2018, the Trustee filed a certification of default based upon debtors' failure to complete a loan modification. (Docketed Doc. #43)

25. On May 10, 2018, debtors filed opposition to the Trustee's certification of default and the matter was scheduled for hearing on June 20, 2018. (Docketed Doc. #45 and #46)

26. On June 29, 2018, an Order resolving the Trustee's certification of default was entered. (Docketed Doc. #48)

27. On July 3, 2018, a modified Chapter 13 Plan was filed. (Docketed Doc. #50)

28. The confirmation hearing on the modified plan was scheduled for August 15, 2018, but rescheduled to September 5, 2018, October 3, 2018, and November 7, 2018.

29. On September 27, 2018, the movant filed a motion for stay relief based upon a material default in post-petition payments. The certification in support of the motion reflected a post-petition default of $17,811.15. (Docketed Doc. #54-1, Page 2, ¶8)

30. On November 19, 2018, the Bankruptcy Court entered an Order Denying Confirmation and Dismissing Petition in case number 17-26775-RG. (Docketed Doc. #55)

31. Pursuant to the dismissal, the movant continued with its efforts to foreclose its mortgage.

32. The subject property was scheduled for sheriff's sale on March 8, 2019 by the Sheriff of Bergen County.

33. A second bankruptcy petition was filed in the United States Bankruptcy Court for the District of New Jersey, with the assistance of counsel, on March 7, 2019, under the names of Charles Braswell and Valerie Braswell. This case was filed pursuant to Chapter 13, and assigned case number 19-14620-RG. (Docketed Doc. #1)

34. On March 7, 2019, an Order was entered requiring debtors to show cause why the case should not be dismissed for failure to meet credit counseling requirements and for failure to comply with Local Rule 1006. (Docketed Doc. #4 and #5)

35. The sheriff's sale scheduled for March 8, 2019 was canceled upon notification of the bankruptcy filing.

36. On March 8, 2019 credit counseling certificates were filed and the filing fee was subsequently remitted. (Docketed Doc. #9 and #10)

37. On March 21, 2019, debtors filed a motion to extend the automatic stay pursuant to 11 U.S.C. §362(c)(3)(B) together with an application for an Order Shortening Time. (Docketed Doc. #19 and #20)

38. On March 22, 2019, an Order Shortening Time Period for Notice, Setting Hearing and Limiting Notice was entered that scheduled the matter for hearing on April 3, 2019. (Docketed Doc. #21)

39. On March 27, 2019, Wells Fargo filed an objection to confirmation of debtors' plan. The substance of the objection was that debtors underestimated the pre-petition arrears claim of Wells Fargo which was due approximately $120,773.56, the plan as proposed failed to fully satisfy the amount necessary to cure the default, the plan lacked feasibility, and it was not proposed in good faith inasmuch as it proposed unequal payments of $500.00 for 18 months followed by payments of $2,874.36 for the remaining 42 months. (Docketed Doc. #23)

40. On March 29, 2019, Wells Fargo filed opposition to debtors' motion to extend the automatic stay which argued that debtors had failed to produce clear and convincing evidence necessary to rebut the presumption that debtors' plan is not filed in good faith and the debtors' plan was not confirmable. The opposition argued that debtors' motion failed to provide any supporting documentation and instead relied on a self-serving statement that debtors did not make payments under a mistaken belief that the sheriff's sale would proceed despite the bankruptcy filing. (Docketed Doc. #24, Page 5)

41. On April 2, 2019, the Chapter 13 Standing Trustee filed an objection to confirmation noting that the debtors had failed to provide an adequate valuation for the debtors' property, debtors were not cooperating, debtors had failed to provide proof of income and the trustee had been unable to conduct a meaningful 341 meeting so the case would be presented for dismissal. (Docketed Doc. #25)

42. On April 3, 2019, the Court adjourned the matter for further hearing on April 17, 2019 because debtors' counsel was not present at the time that the Court called the case. A letter advising that

appearances are required for the rescheduled hearing was filed and served by Wells Fargo's attorney on April 4, 2019. (Docketed Doc. #26)

43. On April 24, 2019, an Order Denying Debtors' Motion to Reinstate Stay and Confirming that the Automatic Stay Terminated as to Creditors Pursuant to 11 U.S.C. §362(c) was entered. (Docketed Doc. #28)

44. On May 2, 2019, an Order Denying Confirmation and Dismissing Petition was entered. (Docketed Doc. #30)

45. The subject property was scheduled for sheriff's sale on June 7, 2019 by the Sheriff of Bergen County.

46. A third bankruptcy petition was filed in the United States Bankruptcy Court for the District of New Jersey, with the assistance of counsel, on May 8, 2019, under the names of Charles Braswell and Valerie Braswell. This case was filed pursuant to Chapter 13, and assigned case number 19-19407-JKS. (Docketed Doc. #1)

47. The debtors' Chapter 13 Plan proposes a payment of $150.00 per month starting on June 1, 2019 for approximately 60 months. The plan also states that "debtor will withdraw money from deferred income retirement plan to repay arrears in full. Process has uncertain time line. 6 mos estimated". (Docketed Doc. #2, Page 2 Part 1.a. and 1.c.)

48. The plan further states "Debtor is applying for full amount of arrears from her deferred compensation account with the State of NJ. Approval process is time consuming but application meets criterion and amount is in the account." (Docketed Doc. #2, Page 2, Part 1.e.)

49. The debtors' plan reflects that Wells Fargo's arrears are estimated by debtors to be $116,000.00 with $0.00 to be paid in plan and a regular monthly payment in the amount of $2,550.00 to be paid outside of the plan. (Docketed Doc. #2, Page 3, Part 4.b.)

50. Review of the bankruptcy petition reveals that debtors answered "No" the question "[h]ave you filed for bankruptcy within the last 8 years?" The debtors' answer is inaccurate, incomplete and non-

responsive to the requirement inasmuch as it fails to disclose case numbers 17-26775-RG and 19-14620-RG. (Docketed Doc. #1, Page 3, ¶8)

51. Official Bankruptcy Schedule A/B discloses assets that debtors have valued at $431,240.00. (Docketed Doc. 1, Page 15, ¶63)

52. Debtors' financial assets disclosed on Schedule A/B total $43,120.00, and include $120.00 in cash, $12,000.00 in a checking account, $7,000.00 in retirement or pension accounts, and $24,000.00 in an educational IRA. (Docketed Doc. #1, Pages 12 -14, ¶16, Page 13, ¶17.1, ¶21, ¶24 and ¶36)

53. Official Bankruptcy Schedule I shows both debtors are employed, however, the occupation for Charles Braswell is blank as is his employer's address and how long he has been employed there. Additionally, the how long Valerie Braswell has been employed is not disclosed. Accordingly, the information supplied is incomplete and debtors' answers are non-responsive to the requirements. (Docketed Doc. #1, Page 26, ¶1)

54. Official Bankruptcy Schedule I also reflects that debtors have combined monthly income of $6,084.00. (Docketed Doc. #1, Page 27, ¶12)

55. Official Bankruptcy Schedule J lists a 20-year old daughter as a dependent. (Docketed Doc. #1, Page 28, ¶2)

56. Official Bankruptcy Schedule J also sets forth monthly budgeted expenses that total $5,934.00, which when deducted from the combined monthly income of $6,084.00 leaves a monthly net income of $150.00. (Docketed Doc. #1, Page 29, ¶22c, ¶23a and ¶23c)

57. In comparison with the budget that was recently filed on March 7, 2019 in case number 19-14620-RG, budgeted expenses have increased in the instant case by $350.00 thereby reducing what had been a monthly net income of $500.00 to the $150.00 figure in the instant case. See Docketed Doc. #1, Page 29, ¶22c and ¶23c in case number 19-14620-RG.

58. Despite making some adjustments to provide more liberal budgeting for the instant case, home maintenance, repair and upkeep expenses are still budgeted at $0.00 raising the question whether

there really exists any ability to meet ongoing expenses much less pay the administrative commissions and legal costs associated with this bankruptcy. (Docketed Doc. #1, Page 28, ¶4c.)

59. Review of the Statement of Financial Affairs ("SOFA") reveals that Debtor 1 had gross income in the amount of $5,813.00 and Debtor 2 had gross income in the amount of $11,150.00 from January 1 of the current year until the bankruptcy filing. (Docketed Doc. #1, Page 31, ¶4)

60. In comparison with the SOFA filed two months earlier in case number 19-14620-RG, the gross income figures provided for each debtor match to the penny with the gross income figures provided in the instant case. Accordingly, the information provided in the instant case is inaccurate and non-responsive to the requirement. See Docketed Doc. #1, Page 31, ¶4 in case number 19-14620-RG.

61. The SOFA filed in the instant case provides no gross income information for either Debtor 1 or Debtor 2 during the calendar years of 2017 and 2018. Accordingly, the debtors' answer is incomplete and non-responsive to the requirement. (Docketed Doc. #1, Page 31, ¶4)

62. The debtors have failed to disclose Wells Fargo's foreclosure action in response to the question "[w]ithin 1 year before you filed for bankruptcy, were you a party to any lawsuit, court action, or administrative proceeding?" The heading instructs to "Identify Legal Actions, Repossessions and Foreclosures." Therefore, this is but one more example of an answer that is inaccurate, incomplete and non-responsive to the requirement. (Docketed Doc. #1, Page 33, ¶9)

63. On May 8, 2019, debtors filed a motion to reinstate automatic stay in the instant case. The motion consists of a notice of motion, a debtors' certification, an attorney certification, a proposed order and a certification of service. (Docketed Doc. #5, #5-1, #5-2, #5-3 and #5-4)

64. The certification of debtors admits that the debtors had previously filed two unsuccessful Chapter 13 cases, which were dismissed within 1 year of the filing of the instant case on May 8, 2019. (Docketed Doc. #5-1, Page 1, ¶1-¶3)

65. Debtors' certification continues that "[t]he Chapter 13 Plan now proposed provides for withdrawal of an amount sufficient to pay the arrears owed the mortgage lender." (Docketed Doc. #5-1, Page 2, ¶4)

66. More specifically, Valerie Braswell claims she has sufficient funds to repay the arrears in a deferred payment/pension account and she has already submitted an application for release of the funds which she believes the withdrawal is permitted to prevent foreclosure. (Docketed Doc. #5-1, Page 2, ¶5-¶6)

67. The certification offered by counsel repeats the allegations of the debtors' certification, but also argues that "[t]he proposed plan meets the higher standard of probable success required of a third filing." (Docketed Doc. #5-2, Page 1, ¶5)

68. Absent from the debtors' motion is any supporting documentary proof leaving the Court to draw conclusions from self-serving statements offered in the instant case filed where there have been two prior dismissals within 1 year.

69. The serial filing, serial filing prior to sheriff's sale, history of failing to file papers and appear in proper prosecution of the case, a history including a default in post-petition mortgage payments, repeatedly inaccurate, incomplete, and non-responsive disclosures, bankruptcy schedules that appear to be contrived to create the appearance of monthly net income necessary to fund a plan, and the lack of clear and convincing evidence to rebut the presumption that the instant case is not filed in good faith warrant the relief Wells Fargo is seeking by way of this cross-motion.

70. I certify the aforesaid statements to be true. I am aware that if the aforesaid statements are willfully false, I am subject to punishment.

*Peggy S. Morrow*
Peggy S. Morrow
Vice President Loan Documentation
Wells Fargo Bank N.A.
May 21, 2019